IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SHIMODA-ATLANTIC, INC.                                    PLAINTIFF

VS.                     CASE NO. 07-CV-5222

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC. f/k/a NATIONAL
ASSOCIATION OF SECURITIES DEALERS,
INC. and NASD REGULATION, INC.                           DEFENDANTS


### MEMORANDUM OPINION & ORDER

Currently before the Court are Defendants' Motion to Dismiss (Docs. 2-3), Plaintiff's Response (Docs. 5 & 8) and Defendants' Reply (Doc. 11).  Also before the Court are Plaintiff's Motion to Remand (Docs. 6-7) and Defendants' Response (Doc. 11).

The Court finds, for the reasons reflected below, that Plaintiff's Motion to Remand (Doc. 6) is DENIED, and Defendants' Motion to Dismiss (Doc. 2) is GRANTED.  Accordingly, Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE.

### Background

Plaintiff initially filed its complaint against Defendants the National Association of Securities Dealers, Inc. (now known as Financial Industry Regulatory Authority, Inc. or "FINRA" and NASD Regulation, Inc. ("NASDR") in the Circuit Court of Benton County, Arkansas on August 3, 2007 (Doc. 1-2).  FINRA is a self-regulatory organization registered with the Securities and Exchange Commission (SEC) as a national securities association.  NASDR is the

Page 1 of 9

investigatory and disciplinary arm of FINRA. Plaintiff is an Arkansas corporation that was the target of an undercover investigation based upon allegations of illegal kickbacks in violation of securities law.

The complaint alleges Defendants violated the Arkansas Deceptive Trade Practices Act by issuing fraudulent securities registrations (Count One); publishing false advertising and promotional materials (Count Two) and altering an official records system of the state of Arkansas; WebCRD, by allowing the fraudulent registrations to be contained on the system (Count Three).

Defendants contend the Court has original federal question jurisdiction as Plaintiff's claims arise under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a. Defendants assert that Plaintiff attempted to circumvent the Exchange Act by pleading only state law claims, but the gravamen of Plaintiff's claims arise from Defendants' conduct in issuing certain securities registrations which falls under the Exchange Act and the exclusive jurisdiction of the federal district courts.

Plaintiff alleges the case was improperly removed, and the Court lacks subject matter jurisdiction. Plaintiff contends the action is based solely on state law and does not meet the amount in controversy requirement for diversity jurisdiction. Plaintiff also relies on *Watson v. Philip Morris Companies, Inc.*, 127 S.Ct. 2301 (2007) for its position that this case should be remanded to state

AO72A
(Rev. 8/82)

court. According to Plaintiff, Defendants are attempting to assert federal officer removal pursuant to 28 U.S.C. § 1442 as its basis for removal to federal court. Defendants contend this Court has federal question jurisdiction under both 28 U.S.C. § 1331 and 15 U.S.C. § 78a or, alternatively, diversity jurisdiction under 28 U.S.C. § 1332 as this action is between citizens of different states in which the amount in controversy exceeds $75,000. Further, Defendants assert that their bases for removal were federal question and diversity jurisdiction, not the federal officer removal statute as was the basis in *Watson, supra*.

Finally, for their Motion to Dismiss, Defendants contend Plaintiff's Complaint should be dismissed as: (1) the Exchange Act does not provide a private cause of action; (2) Defendants are immune from suits related to their regulatory activities; (3) Plaintiff failed to exhaust its administrative remedies; and (4) Plaintiff fails to state a valid claim for fraud under the ADTPA or the common law.

**Analysis**

**1.   Motion to Remand**

Before addressing Defendants' Motion to Dismiss, the Court must conclude that the case was properly removed and that it has subject matter jurisdiction. In their Notice of Removal, Defendants contend this Court has original federal question jurisdiction as Plaintiff's causes of action arise under the

Exchange Act.   Defendants acknowledge that Plaintiff's claims are framed as alleged violations of the ADTPA; however, they contend the real issue underlying the claims is whether Defendants violated the Exchange Act and/or the rules and regulations thereunder by their conduct surrounding the alleged fraudulent securities registrations.

A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there.  *See* 28 U.S.C. § 1441(b).  Removal based on federal question jurisdiction is usually governed by the "well-pleaded complaint" rule.  *See Krispin v. May Dep't Stores*, 218 F.3d 919 (8th Cir. 2000).  This rule provides that federal jurisdiction may be invoked "only where a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id*.  The rule also "makes the plaintiff the master of the claim," allowing the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

However, there is an exception to the well-pleaded complaint rule: "a plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded."  *M. Nahas & Co., Inc. v. First Nat. Bank of Hot Springs*, 930 F.2d 608 (8th Cir. 1991)(citation omitted).  This is

a narrow exception, limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

An independent corollary to this general rule is the "complete preemption" doctrine, "under which the preemptive force of certain federal statutes is deemed so 'extraordinary' as to convert complaints purportedly based on the preempted state law into complaints stating federal claims from their inception." *Krispin*, 218 F.3d at 922 *citing Caterpillar, Inc*., 482 U.S. at 393.  Only claims falling within the preemptive scope of a federal statute are considered to invoke federal question jurisdiction, and the presence of even a single federal claim gives the defendant the right to remove an entire case to federal court.  *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536 (8th Cir. 1996).

As Defendants point out, this case is similar to *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998).  In *Sparta*, the plaintiff filed suit in state court alleging a variety of common law claims based upon the NASD's decision to delist and temporarily suspend trading on the plaintiff's offering.  *Id*.  The Ninth Circuit found that subject matter jurisdiction was specifically vested in the federal district court under the Exchange Act as the "complaint sought relief based upon violation of exchange rules." *Id*. at 1211 *citing* 15 U.S.C. §

Page 5 of 9

78aa.   In explaining its decision, the court stated:

> Because federal courts are vested by 15 U.S.C. § 78aa
> with the exclusive jurisdiction over actions brought "to
> enforce any liability or duty" created by exchange rules,
> the district court properly determining that subject
> matter jurisdiction existed at the time of removal over
> [plaintiff's] claims arising from breach of association
> rules.  Even if [plaintiff] had not specifically relied
> upon association rules in its claim for relief, federal
> question jurisdiction existed.  In addition to examining
> the literal language selected by the plaintiff, the
> district court must analyze whether federal jurisdiction
> would exist under a properly pleaded complaint.  A
> plaintiff may not avoid federal jurisdiction by omitting
> from the complaint federal law essential to his or her
> claim or by casting in state law terms a claim that can
> be made only under federal law.

*Id.* at 1212 (citations omitted).

The court further stated:

> Here, although [plaintiff's] theories are posited as
> state law claims, they are founded on the defendants'
> conduct in suspending trading and de-listing the
> offering, the propriety of which must be exclusively
> determined by federal law.  The viability of any cause of
> action founded upon NASD's conduct in de-listing a stock
> or suspending trading depends on whether the
> association's rules were violated.  As the district court
> correctly observed, "[a]ny claim stemming from NASD's
> decision to de-list an offering is necessarily based on
> an assumed violation of the rules governing such
> procedures..."  If NASD's actions conformed to the rules,
> there can be no viable cause of action; if its actions
> violated the rules, any claim falls under the imperative
> of 15 U.S.C. § 78aa which grants the federal courts
> "exclusive jurisdiction of violations of this chapter or
> the rules and regulations thereunder..."  Thus, even
> though [plaintiff's] remaining claims were "carefully
> articulated in terms of state law," the district court
> had subject matter jurisdiction."

*Id.* (citation omitted).

Plaintiff's Complaint is based upon Defendants' conduct in (1)

AO72A
(Rev. 8/82)

issuing "bogus and sham Broker Dealer and Registered Representative securities registrations" to certain undercover federal agents (Doc. 1-2 ¶ 11); (2) 'making corresponding bogus entries in [Defendants'] BrokerCheck system" (Doc. 1-2 ¶ 12); (3) "allowed [the undercover agents] to operate without a fidelity bond or other security" (Doc. 1-2 ¶ 14); (4) failed to advertise in their brochures that they participate in fictional NASD broker-dealerships (Doc. 1-2 ¶ 21); and (5) for permitting the registrations to be accessed via WebCRD which is maintained by the Arkansas Securities Department (Doc. 1-2 ¶ 23). However, Plaintiff alleges state law violations of the ADTPA in an apparent attempt to circumvent the absence of a private right of action under the Exchange Act.

Plaintiff contends there is no federal statute or regulatory rule that governs Defendants' alleged conduct set forth in its Complaint. However, the Court agrees with Defendant that the gravamen of Plaintiff's Complaint is that Defendants improperly issued securities registrations to certain undercover agents. Issuing registrations is a duty created by the Exchange Act. *See* 15 U.S.C. § 78o. Accordingly, Plaintiff's claims fall within the exclusive jurisdiction of the federal courts.

Plaintiff contends the U.S Supreme Court's decision in *Watson, supra,* mandates the remand of this case to state court. However, *Watson* is inapposite to this case. In *Watson*, the defendant's

Page 7 of 9

basis for removal was the federal officer removal statute. *See* 28 U.S.C. § 1442. In the case *sub judice*, Defendants' removal is based upon federal question jurisdiction or, alternatively, diversity jurisdiction. Accordingly, the *Watson* decision is irrelevant to the Court's analysis.

As the Court has determined it has federal question jurisdiction over Plaintiff's claims it is not necessary to address whether diversity jurisdiction exists. The Court concludes the matter was properly removed, and Plaintiff's Motion to Remand is DENIED.

**2. Motion to Dismiss**

For their Motion to Dismiss, Defendants contend Plaintiff's Complaint should be dismissed as: (1) the Exchange Act does not provide a private cause of action; (2) Defendants are immune from suits related to their regulatory activities; (3) Plaintiff failed to exhaust its administrative remedies; and (4) Plaintiff fails to state a valid claim for fraud under the ADTPA or the common law.

Plaintiff failed to respond to most of the arguments set forth by Defendants by making conclusory statements that Defendants are not entitled to immunity. Plaintiff failed to respond to Defendants' remaining contentions. In any event, it is clear that no private right of action exists against Defendants for violating its own rules or for actions taken to perform their self-regulatory duties under the Exchange Act. *See MM&S Financial, Inc. v. Nat'l*

*Assoc. of Securities Dealers, Inc.,* 364 F.3d 908 (8th Cir. 2004)(finding no private breach of contract action exists against NASD for rules violation); *Sparta, supra, citing Jablon v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir. 1980). Finally, to the extent Plaintiff alleges any viable state law claims, the Court finds Defendants are immune from liability based upon the discharge of their duties under the Exchange Act. *See Sparta, supra*, at 1213.

**Conclusion**

The Court finds, for the reasons reflected above, that Plaintiff's Motion to Remand (Doc. 6) is DENIED, and Defendants' Motion to Dismiss (Doc. 2) is GRANTED.  Accordingly, Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 8th day of May 2008.


/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

Page 9 of  9

AO72A
(Rev. 8/82)